## CAPÓ v. CAPÓ.

### APPEAL from the District Court of Guayama.

No. 616.—Decided March 7, 1911.

</div>

ALLEGATIONS—DEMURRERS—CAUSE OF ACTION—LIBEL.—It is alleged in the complaint that the defendant, with the intention of dishonoring and defaming the plaintiff by illegally and falsely charging him with having begun the commission of a felony, wrote or caused to be written in a public instrument the following words, which were read by several persons and refer to, the plaintiff: ''*And, thus viewed, the complaint to which we refer could reasonably be considered as an attempt to cheat, although we attribute it only to the weakness of memory of Juan Ignacio Capó*'' (the plaintiff). *Held:*

(a) That the demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, did lie, because the words thus used did not involve a direct accusation of the commission of a crime on the part of the plaintiff;

(b) That the use of such words may involve a malicious act of the defendant, but without a mere specific allegation of malice or falsehood on the part of the latter, and in the absence of some allegation to the effect that the plaintiff has been prejudiced by the use of such words, the complaint must be considered as not stating facts sufficient to constitute a cause of action;

(c) That the court cannot determine, from the complaint, whether or not the defendant was justified in using such words, there being

nothing in the complaint to show that the plaintiff was in any way preju-
diced by their use, and that said expressions do not constitute a libel
*per se*, inasmuch as by them the plaintiff is not charged with the com-
mission of a crime in clear and distinct terms.

ID.—JUDGMENTS.—Where the court sustains a demurrer and the plaintiff does
not amend his complaint, nor is he given permission to amend the same, the
defendant is entitled to a final judgment in his favor.

ID.—COSTS.—The costs are generally taxed against the party who loses his case,
whether the party in whose favor judgment was rendered has requested it
or not.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellant.

*Mr. Luis Muñoz Morales* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The error alleged in this appeal arose because the court
sustained a demurrer to a complaint, and subsequently, with-
out any special notice to the complainant, entered a final judg-
ment thereon and taxed the costs. The complaint set up
that José Mariano Capó, under a pretext of executing a deed
in favor of Juan Carlos McCormick and another on November
6, 1909, in the city of Guayama, before the notary, Don
Miguel Zavaleta, expressed and caused to be expressed in
the public deed certain words written and read by different
persons, referring to the complainant with the intention of
discrediting and defaming him, charging him with having
begun and executed a serious offense by the use of the fol-
lowing expressions: "And in this regard the complaint to
which you refer might reasonably be judged as an attempt
to swindle (*conato de estafa*) were it not that we did not
so ascribe it, but attribute it to the weak memory of Don
Juan Ignacio;" that the complainant limits himself to make
use of his right to intervene in judicial proceedings, and
therefore asks the court to render judgment awarding the
complainant the sum of $6,000. The demurrer was on the
ground that the complaint did not set up a cause of action.

We think the court was right in sustaining the demurrer.
The words used did not directly charge the commission of a
crime on the part of the complainant. It is possible that

the words might have charged the complainant with having
attempted to commit one of the numerous crimes covered by
the word "estafa." It is also possible, even with the modi-
fied words which the defendant used, that the words might
have been libelous in connection with some other essential
facts not alleged by the complainant. To use words of the
kind here used might show malice on the part of the defend-
ant; but without some more specific averment of malice or
falsity on the part of the defendant, as well as some aver-
ment to show that the complainant was injured by the use
of the expressions, we do not see that a cause of action was
stated. The court was given no idea as to whether the de-
fendant was not justified in using the words, and nothing is
alleged to show that the complainant suffered any injury.
The expressions used were not actionable *per se*. To be ac-
tionable *per se* they must charge a crime in distinct terms.

The order sustaining the demurrer was rendered on Sep-
tember 6, 1910. On September 14, 1910, the court rendered
a final judgment against the complainant with costs, the court
saying that the complainant had failed to avail himself of
the rule of the court which permits a complainant to amend
his pleadings within one day after a demurrer is sustained.
Without such amendment or without being given leave to
amend the complaint, the defendant was entitled to a final
judgment. (31 Cyc., 351, *et seq.*)

We have also had occasion to consider this matter in the
case of *Vega et al.* v. *Rodríguez et al.*, decided on March 6,
1911.

Some further error is alleged in the imposition of costs.
We do not understand the nature of the error alleged. Costs
generally follow the judgment; and this is so whether the
prevailing party asks for them or not. No violation of the
principles set forth in Chapter VI of the Code of Civil Pro-
cedure in regard to costs has been pointed out to us.

Finding no error in the judgment, the same must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in the decision of this case.